Matter of Town of Concord v Edbauer (2018 NY Slip Op 03254)





Matter of Town of Concord v Edbauer


2018 NY Slip Op 03254


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


364 CA 17-01744

[*1]IN THE MATTER OF TOWN OF CONCORD, PETITIONER-RESPONDENT,
v
KRISTINE EDBAUER, RESPONDENT-APPELLANT. 






KRISTINE EDBAUER, RESPONDENT-APPELLANT PRO SE. 
HODGSON RUSS LLP, BUFFALO (AARON M. SAYKIN OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Erie County Court (Michael F. Pietruszka, J.), entered July 21, 2017. The order affirmed a judgment of the Justice Court of the Town of Concord entered on August 22, 2016 which ordered respondent's dog to be humanely euthanized. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order of County Court that affirmed the judgment of Justice Court (hereafter, court) directing the euthanization of her dog. Preliminarily, we reject respondent's contention that petitioner failed to meet its initial burden of establishing that her dog is a "dangerous dog" pursuant to Agriculture and Markets Law § 123 (2) (see § 108 [24] [a]). At the hearing before the court, the victim testified that the dog lunged at her without provocation, and bit her face, neck, arm, and hand, causing injuries that required external and internal stitches to close. Inasmuch as there is no evidence that the dog "was responding to pain or injury, or was protecting itself" (§ 123 [4] [c]; see People v Jornov, 65 AD3d 363, 366 [4th Dept 2009]), we conclude that the court's determination that the dog is a "dangerous dog" is supported by the requisite clear and convincing evidence (§ 123 [2]).
We reject respondent's further contention that County Court erred in affirming the judgment of the court directing euthanasia. The evidence establishes that the dog is a dangerous dog, and that "the dog, without justification, attacked a person causing serious physical injury or death" (Agriculture and Markets Law § 123 [3] [a]). The victim was treated at two different hospitals for her injuries, and she received more than 36 internal and external stitches in her face and neck. The victim's "serious or protracted disfigurement" constituted a serious physical injury (§ 108 [29]; see People v Reitz, 125 AD3d 1425, 1425 [4th Dept 2015], lv denied 26 NY3d 934 [2015], reconsideration denied 26 NY3d 1091 [2015]; People v Robinson, 121 AD3d 1405, 1407 [3d Dept 2014], lv denied 24 NY3d 1221 [2015]), thus presenting an aggravating circumstance pursuant to which the court was authorized to direct humane euthanasia (see § 123 [3] [a]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court